OPINION OF THE COURT
Daniel D. Leddy, Jr., J.
This is a proceeding whereby the Commissioner of Social Services of the City of New York seeks judicial approval of a voluntary placement instrument executed by the natural mother of two-year-old Tommy G., pursuant to section 384-a of the Social Services Law.
At the fact-finding hearing, the natural mother conceded that she signed the instrument voluntarily and because she was unable to make adequate provision for the care, maintenance and supervision of the child in her home. Accordingly, the court finds that Tommy’s best interest would be promoted by his removal from that home.
The natural father, who is not residing with the mother, appeared at the hearing and objected to the approval of the instrument, claiming that, at the time of its execution, he was a viable resource for the child and that Tommy should have been placed with him rather than accepted into foster care.
At the outset, it must be observed that there is no requirement that both parents sign a voluntary placement instrument. Subdivision 1 of section 384-a of the Social Services Law specifically provides that the care and cus *521 tody of a child may be transferred to an authorized agency “by a parent or guardian”. And when read together with subdivision (3) of section 358-a of the Social Services Law, it becomes obvious that the Legislature intended to authorize the execution of a voluntary placement instrument by the parent with whom the child is residing at the time. The use of the phrase “removal of the child from such home” as it appears in subdivision (3) of section 358-a of the Social Services Law clearly refers to the home of the parent executing the instrument.
At first blush, it would appear that the scope of the court’s inquiry is limited in this case to the determination that Tommy’s best interests would be furthered by his removal from his mother’s home (Social Services Law, § 358-a, subd [3].) However there is a provision in subdivision (1) of section 358-a of the Social Services Law requiring the court to determine whether “the placement of the child is in [his] best interest”. These sections of the Social Services Law must be read together so that meaning is “given to the entire statute and every part and word thereof”. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 98.) When so read together, it is clear that the issue raised herein is not resolved by the determination that Tommy was properly removed from Ms mother’s home. The court must also consider whether Ms placement in foster care, as opposed to Ms natural father, was in the child’s best interests.
In this regard, the Social Services Law itself sets forth the Legislature’s belief that, ordinarily, a child is best raised by his natural parents. (Social Services Law, § 384-b, subd 1, par [a], cl [ii].) Similarly, the Court of Appeals, recognizing the parents’ constitutional right to raise their children, has declared “it is fundamental to our legal and social system, that it is in the best interest of a child to be raised by his parents, unless the parents are unfit” (Matter of Sanjivini K., 47 NY2d 374, 382; see, also, Matter of Bennett v Jeffreys, 40 NY2d 543).
In this case, the caseworker was aware of the father’s desire to care for Tommy. Yet, he declined to utilize the father as a resource, feeling himself precluded by the mother’s insistence that the child not be placed with the *522 father. The record fails to disclose any reason to believe that the father was unfit to care for the child. Under the circumstances, the child should have been placed with the father and not accepted into foster care.
The court is aware that social service agencies are often called upon to provide for the care of children on very short notice. In many cases, the existence of the other parent may be unknown or his whereabouts unascertainable. In such instances, the social services agency cannot let the care of the child lapse while endeavoring to locate a parental alternative to foster care. But where, as here, a natural parent is ready, willing and able to care for a child, it is not in the child’s best interest to deny this parent the right to raise his child.
Accordingly, the court finds that the petitioner has failed to establish that the foster care placement of Tommy was in his best interest and the petition is denied.